

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

June 20, 2006

Dashiell C. Shapiro
U.S. Department of Justice
Tax Division
PO Box 227
Suite 6611
Washington, DC 20044
*Attorney for Petitioner*

James J. Bonicos
Calo Agostino
14 Washington Place
The Bank House
Hackensack, NJ 07601
*Attorney for Respondent*

      Re:    <u>United States v. Arizechi</u>
           <u>Civ. Nos. 06-CV-528 and 529 (WJM) (RJH)</u>

Dear Counsel:

    This matter comes before the Court on Respondent Michael Arizechi's appeal of Magistrate Judge Ronald J. Hedges's Letter Order, dated May 27, 2006, granting Petitioner United States's petition to enforce two Internal Revenue Service summonses and denying Respondent's motion to quash the summonses. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Judge Hedges's decision is **AFFIRMED**.

### Background

    Petitioner, the United States (the "Government"), is investigating the federal income tax liability of Respondent, Michael Arizechi ("Arizechi"), for the years of 2001 to 2005. (Declaration of Special Agent Frank Stryker ¶ 2 [*hereinafter* "Stryker Decl."]). As part of this investigation, the Government served two Internal Revenue Service ("IRS") summonses upon

Arizechi, as custodian of records for two companies, Arizek, Inc. ("Arizek") and Mikarchi, LLC ("Mikarchi"). (Declaration of James J. Bonicos at Ex. C [*hereinafter* "Bonicos Decl."])]). Arizechi is the sole director, officer, shareholder, and employee of the companies. (Arizechi's Opp. Br. at 2). The summonses directed Arizechi to appear before an IRS agent on July 7, 2005 to give testimony and produce for examination certain books, papers, records, and other data described in the summonses. (*See id.*). Specifically, the summonses sought: "All corporate records and books of account relative to the financial transactions of [Arizek and Mikarchi]." (*Id.*).

Arizechi never appeared before the agent on July 7. (Stryker Decl. ¶ 4). Instead, he wrote a letter to the Government, dated July 14, 2005, stating his intention to invoke the Fifth Amendment privilege against self-incrimination. (*See* Bonicos Decl. at Ex. E). Arizechi also offered in the letter to personally appear before the agent to invoke his privilege on a question-by-question basis. (*Id.*). The Government never responded. Rather, on February 6, 2006, the Government brought two petitions pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) against Arizechi, as custodian of records for Arizek and Mikarchi, to judicially enforce the summonses. In a declaration submitted with the petitions, the Government warranted that it was not already in possession of the testimony and documents sought. (Stryker Decl. ¶ 5). Additionally, the Government stated that the testimony and documentation sought was necessary to determine whether Arizechi committed any offense under the Internal Revenue Code and to determine his correct income for the years 2001 to 2005. (*Id.* ¶ 7).

Upon the Government's motion, Magistrate Judge Ronald J. Hedges issued an order to show cause why Arizechi should not be compelled to obey the summonses. In response, Arizechi filed an opposition to the Government's petition and moved to quash the summonses. In his motion, Arizechi raised two arguments: (1) the Fifth Amendment privilege against self-incrimination protects him from responding to the summonses; and (2) the summonses contain certain deficiencies which render them unenforceable. After holding oral argument on the matter, Judge Hedges issued a Letter Order granting the Government's petition to enforce the summonses. Arizechi now appeals to this Court.

## Discussion

### I.  Standard of Review

A district court may reverse a Magistrate Judge's order if it finds the ruling clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.N.J. Civ. R. 72.1(C)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). When an appellant challenges a magistrate's

2

interpretation of specified statutory language, the court's standard of review is plenary. *United States v. Hayden*, 64 F.3d 126, 129 (3d Cir. 1995); *United States v. Accetturo*, 623 F. Supp. 746, 753 (D.N.J. 1985).

## II. The Fifth Amendment Privilege Against Self-Incrimination Does Not Shield Arizechi from Responding to the Summonses.

Arizechi first argues that he is protected from responding to the summonses under the Fifth Amendment privilege against self-incrimination. The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The word 'witness' in the constitutional text limits the category of compelled incriminating communications to those that are 'testimonial' in character." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). Corporations do not enjoy a Fifth Amendment privilege against self-incrimination, as this privilege is personal and only enjoyed by natural individuals. *Braswell v. United States*, 487 U.S. 99, 102 (1988). In addition, the Supreme Court has held that the collective-entity doctrine precludes a custodian of corporate records from raising the Fifth Amendment to prevent production of those records. *See Bellis v. United States*, 417 U.S. 85, 88 (1974); *Braswell*, 487 U.S. at 108-09. Under the collective entity doctrine, the custodian of corporate records has no Fifth Amendment privilege, "regardless of how small the corporation may be." *Bellis*, 417 U.S. at 100.

Cases such as this, however, also involve the "act of production doctrine." This doctrine recognizes that "the act of producing documents in response to a [summons] may have a compelled testimonial aspect...." *Hubbell*, 530 U.S. at 36; *see also United States v. Doe*, 465 U.S. 605, 612 (1984) (holding that "[a]lthough the contents of a document may not be privileged, the act of producing the document may be" because the person is compelled "to perform an act that may have testimonial aspects and an incriminating effect."). A corporate custodian, however, cannot refuse to produce the requested records because it would be a personally incriminating act. *See Braswell*, 487 U.S. 99, 117 (1988). To protect corporate custodians in such circumstances, the Supreme Court has provided certain protections. Specifically, in *Braswell*, the Court held that "[i]f the custodian were later tried on criminal charges and the government used the documents he produced...[,] the government could inform the jury that the corporation produced the records, but it could not disclose to the jury that the custodian personally did so on behalf of the corporation." *United States v. Medlin*, 986 F.2d 463, 467 (11th Cir. 1993) (citing *Braswell*, 487 U.S. at 118).

### A. The Fifth Amendment and "One-Man Corporations"

Arizechi argues that, in this case, the *Braswell* protections are not enough. He claims that, since Arizek and Mikarchi are "one-man corporations" (i.e., he is the sole shareholder, director, and employee of each company), a jury will automatically infer that any documents produced by the corporations were, in fact, produced by Arizechi. He contends that this is the outcome specifically prohibited by *Braswell*. To support this argument, Arizechi relies on a

3

footnote from *Braswell* where the Supreme Court left open the possibility that the act-of-production doctrine might protect the custodians of one-man corporations. Specifically, the Court noted:

> We leave open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records.

*Braswell*, 487 U.S. at 118 n.11. While neither the Supreme Court nor the Third Circuit has specifically confronted the issue left open by this footnote, other courts confronted with the same argument have held that corporate custodians of "one-man corporations" cannot assert a Fifth Amendment privilege with respect to the production of corporate documents. *See Amato v. United States*, No. 05-2193, 2006 U.S. App. LEXIS 14074, at *11 (1st. Cir. June 8, 2006) (holding that the Fifth Amendment "does not [recognize] an exception to the collective entity doctrine such that an act-of-production privilege protects a custodian of corporate records from producing those records when the custodian is the corporation's sole shareholder, director, officer, and employee."); *see also United States v. Raniere*, 895 F. Supp. 699, 707 (D.N.J. 1995) (same); *In re Two Admin. Subpoena Duces Tecum*, 2005 U.S. Dist. LEXIS 11867, at *17-19 (same). The reasoning in these opinions is sound and the Court chooses to follow them. Accordingly, Arizechi's argument on this ground is denied.[1]

### B. The Government's Request for Testimony in the Summonses

Arizechi also argues that Judge Hedges erred in enforcing the summonses because they impermissibly ask for testimony that may incriminate him.[2] While it is true that "Fifth

---

[1] Arizechi also argues that the summonses do not describe the documents which the Government is seeking with reasonable particularity. (*See* Arizechi Opp. Br. at 12). He contends that, as a result, the act of selecting and assembling the records requested will be tantamount to requiring him to give testimony protected under the Fifth Amendment. (*See id.* at 14). However, as mentioned before, "the custodian [of a corporation] cannot claim a personal Fifth Amendment privilege against the production of corporate records." *Amato*, 2006 U.S. App. LEXIS 14074, at *4 n.2 (citing *United States v. Braswell*, 487 U.S. 99, 109-111 (1988)). Since the summonses here call for the production of corporate records, Arizechi's act of producing those documents as a corporate custodian is not protected under the Fifth Amendment. *See Braswell*, 487 U.S. at 117 ("[A] corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating...."). Therefore, this argument is denied.

[2] The summonses at issue here both called for Arizechi "to give *testimony* ... for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws...." (Bonicos Decl. at Ex. C) (emphasis added).

4

Amendment issues will arise where the Government seeks to compel the custodian to do more than identify the documents already produced," *United States v. Marra*, No. 05-2509, 2005 U.S. Dist. LEXIS 23411, at *14-15 (D.N.J. Oct. 5, 2005), Arizechi must first raise his Fifth Amendment privilege against self-incrimination.  Here, Arizechi has only asserted a blanket invocation of this privilege in a letter to the Government.  (*See* Bonicos Decl. at Ex. E).  This is not enough.  *See Raniere*, 895 F. Supp. at 704 ("A blanket or general assertion of a Fifth Amendment privilege to resist enforcement of an IRS summons is insufficient as a matter of law.").  Instead, Arizechi "must appear before the revenue agent ... and assert his privilege on ... [a] question-by-question basis."  *United States v. Burgess*, No. 98-2465, 1999 U.S. Dist. LEXIS 171, at *2 (E.D. Pa. Jan. 6, 1999); *see also Raniere,* 895 F. Supp. at 704 ("[A] taxpayer must specifically assert the Fifth Amendment privilege with respect to individual requests.").  Since Arizechi has not done this, Judge Hedges did not err in enforcing the summonses even though they ask for Arizechi's testimony.[3]

## III.     The Government's Petitions Are Not Deficient

Arizechi next argues that the Government's petitions are deficient.  To enforce an IRS summons, the Government must first submit a petition which establishes a prima facie case for enforcement of the summonses.  *United States v. Rockwell Int'l*, 897 F.2d 1255, 1262 (3d Cir. 1990).  To establish a prima facie case, the Government must show: (1) the summonses were issued for a legitimate purpose; (2) the inquiry is relevant for that purpose; (3) the information sought is not already in the Government's possession; and (4) the Government followed the administrative steps necessary for issuance and service of the summonses.  *See United States v. Powell*, 379 U.S. 48, 57-58 (1964).  This showing may be satisfied by an affidavit from the agent who issued the summonses and is seeking enforcement.  *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979).  Once the Government establishes its prima facie case, the taxpayer may then "challenge the summons on any appropriate ground." *Rockwell Int'l*, 897 F.2d at 1262.

The Government has satisfied its prima facie case.  In particular, the Government submitted an affidavit of an IRS agent stating that he: (1) is investigating the federal income tax liability of Arizechi for the years 2001-2005; (2) each summons is relevant to that investigation; (3) the information sought is not within the IRS's possession; and (4) the IRS followed all administrative steps in issuing the summonses.  *See* Stryker Decl. ¶¶ 2, 3, 6; *see also McGugan v. Katzmar*, No. 05-2667, 2005 U.S. Dist. LEXIS 28169, *8-9 (D.N.J. Nov. 19, 2005) (finding prima facie case met upon similar showing); *Lobello v. United States*, No. 99-1457, 1999 U.S. Dist. LEXIS 13519, at *3-5 (D.N.J. Aug. 9, 1999) (same); *United States v. Raniere*, 895 F. Supp. 699, 704 (D.N.J. 1995) (same).  Therefore, since the Government has satisfied its prima facie case, the burden shifts to Arizechi to prove either that the Government has not satisfied one of

---

[3]Arizechi argues that he is entitled to immunity under 18 U.S.C. §§ 6002-2003.  (Arizechi Opp. Br. 4, 20-21).  Since no Fifth Amendment right is implicated here, Arizechi shall not receive such immunity.

the elements of its prima facie case or that enforcement of the summonses would be an abuse of the court's process. *See United States v. Millstone Enters.*, 864 F.2d 21, 23 (3d Cir. 1988).

### A. The Government Need Not Establish a "Prior Awareness" in this Matter.

Arizechi argues that the petitions are deficient because the Government failed to demonstrate any "prior awareness" of the documents sought. To support this contention, Arizechi argues that, based on a statement by the Supreme Court in *United States v. Hubbell*, that "the Government must be able to demonstrate with 'reasonable particularity a prior awareness that the exhaustive litany of documents sought ... existed' and were in the possession of the individual." (Deft's Mot. at 17) (citing *Hubbell*, 530 U.S. at 33.).[4] A quick reading of *Hubbell*, though, shows that this is not required. Specifically, in *Hubbell*, the Supreme Court used this phrase to discuss the requirements for establishing that production of a document does not constitute testimony because the taxpayer's possession of it is a "forgone conclusion." *See Hubbell*, 530 U.S. at 44. Here, the Government is not arguing that Arizechi's possession of the documents sought is a foregone conclusion and therefore production of those documents is not testimony. Accordingly, Arizechi's argument on this ground will be denied.

### B. The Government Need Not Prove The Existence, Possession, and Authenticity of the Summoned Documents in its Petition.

Arizechi next argues that the Government's petition is deficient because it does not prove the existence, possession, and authenticity of the summoned documents. (*See* Arizechi Opp. at 17). This, of course, is not the law. *See United States v. Wheaton*, 791 F. Supp. 103, 105 (D.N.J. 1992) ("The party *resisting* enforcement [of a summons] bears the burden of producing credible evidence that he does not possess or control the documents sought.") (citations omitted) (emphasis added); *see also United States v. Rylander*, 460 U.S. 752, 757 (1987) ("[A] proceeding to enforce an IRS summons is an adversary proceeding in which *the defendant* may contest the summons 'on any appropriate ground.' Lack of possession or control of the records is surely such a ground....")(citations omitted)(emphasis added). Therefore, this argument is denied.

### C. The Government's Petition is Not Deficient Because the Government Might Already Possess the Documents Sought.

Next, Arizechi argues that the Government failed to show that it was not already in possession of the information sought by the summonses. As grounds for this argument, Arizechi notes that the Government served requests for documents relating to Arizechi, Arizek, and Mikarchi, on various financial institutions where they held accounts. Arizechi contends that the summonses, therefore, *might* improperly require him to produce the same documents.

---

[4]Arizechi also errs in attributing this phrase to the Supreme Court in *Hubbell*. This phrase actually came from the Circuit Court of Appeals's decision in the case. *See Hubbell*, 530 U.S. at 33 (citing *United States v. Hubbell*, 167 F.3d 552, 582 (CADC 1999)).

The Court disagrees. In establishing its prima facie case, the Government must show that it lacks the records sought. Because the Government has met this burden, the burden to prove possession shifted to Arizechi. Arizechi, though, does not come forth with any proof that the Government, in fact, possesses the documents sought. Instead, he only comes forth with mere probabilities – namely, that the Government *might* have already obtained the records from the financial institutions. This is insufficient to discharge Arizechi's burden of proof. Furthermore, even if the Government had obtained some of the documents from the financial institutions after it filed its petitions, this would still not render the summonses unenforceable. At least one court has noted that "[the] already possessed prong ... is in fact a gloss on [26 U.S.C.] § 7605(b)'s prohibition on unnecessary summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS." *United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981). In addition, the same court noted that "[t]he 'already possessed' rule should be limited to such cases ... where a revenue agent had informally examined the taxpayer's records at length and later sought to force their production without any explanation of why the opportunity for informal examination had been insufficient." *Id.* at 1038. Here, Arizechi offers no proof that the Government actually possesses the documents sought or informally examined them previously. Accordingly, Arizechi's motion on this ground is denied.

## Conclusion

For the foregoing reasons, Judge Hedges's Letter Order granting the Government's petition to enforce the IRS summonses and denying Arizechi's motion to quash is **AFFIRMED**. An appropriate Order accompanies this Letter Opinion.

                                              s/William J. Martini

                                          **William J. Martini, U.S.D.J.**

cc:    The Hon. Ronald J. Hedges, U.S.M.J.